**BOOKLAND OF MAINE, Plaintiff**

v.

**BAKER, NEWMAN & NOYES, LLC, Defendant**

**No. CIV. 01–234–P–H.**

United States District Court, D. Maine.

June 18, 2002.

Robert J. Keach, Esq., Bernstein, Shur, Sawyer & Nelson, Portland, ME, for Bookland of Maine, plaintiff.

Peter W. Culley, Esq., Mark E. Porada, Esq., Pierce, Atwood, Portland, ME, for Baker Newman & Noyes, defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HORNBY, Chief Judge.

The motion for summary judgment is DENIED. There are genuine issues of material fact on causation and damages. I have serious reservations, however, over what the separate breach of fiduciary duty count adds to the claims for breach of contract, negligence and negligent misrepresentation. At bottom, this is an action for professional malpractice brought by Bookland against its accountants, Baker, Newman & Noyes. The lawsuit seeks damages for the financial losses Bookland suffered that, it claims, were caused by accounting errors or misrepresentations. But given the underlying professional relationship there is no need to create a duty here (unlike *Bryan R. v. Watchtower Bible and Tract Soc'y of New York, Inc.*, 738 A.2d 839, 844–47 (Me.1999), where the plaintiff tried to establish a fiduciary relationship between his church and himself so as to have a cause of action against the church for failing to protect him from sexual abuse by a church member). There appears to be no allegation of a breach of duty that would be unique to a fiduciary— for example, that the accountants took advantage of a transaction to enrich themselves at Bookland's expense (unlike *Morris v. Resolution Trust Corp.*, 622 A.2d 708, 711–12 (Me.1993), where a bank officer advised the bank's mortgage debtor that she should continue using a particular contractor on her mortgaged home and that the bank officer would monitor the contractor's performance when, in fact, the bank officer knew that the contractor was delinquent on his own debts to the bank and the bank officer was trying to improve his loan portfolio). There is no request to unwind a transaction or obtain restitution of something gained during the relationship (unlike *Ruebsamen v. Maddocks*, 340 A.2d 31 (Me.1975), where the court ordered the defendant in a confidential relationship to convey his interest in jointly held real estate to the two plaintiffs). This is just a claim for financial damages growing out of the professional relationship. To be sure, a confidential relationship might make the misrepresentation claim easier to prove (omission by silence may be enough, *see Glynn v. Atlantic Seaboard Corp.*, 728 A.2d 117, 120 (Me.1999)), but the parties have not addressed that in their briefs. I will expect further attention in the trial briefs as to why the case should go forward on a separate claim of breach of fiduciary duty.

So Ordered.